## ALDER v. CROSIER et al.

No. 3024.   Decided October 1, 1917.   (168 Pac. 83.)

1. CORPORATIONS—DIRECTORS OF CORPORATIONS—FRAUD—STATEMENTS AS TO SOLVENCY. A complaint against the directors of a corporation, personally for deceit in representing financial condition of corporation when they appointed plaintiff an agent, alleging that representations were made, to influence plaintiff's conduct, were relied on and were untrue, and the resulting damage, states a cause of action. (Page 440.)

2. CORPORATIONS—DIRECTORS—FRAUD—DAMAGES—PLEADING. In an action for deceit in hiring plaintiff by a corporation which soon went out of business, part of a complaint alleging damages by reason of loss of profits that plaintiff would otherwise have made detracts nothing from plaintiff's right to recover for loss of time induced by false representations.   (Page 440.)

3. CORPORATIONS—STATEMENTS OF OFFICERS OF CORPORATION—HIRING AGENTS—FRAUD—EVIDENCE. In an action for deceit, evidence *held* to sustain a finding that a president of an insolvent corporation was guilty of deceit in hiring an agent rendering him liable personally to the agent for damages for loss of time.   (Page 440.)

4. CORPORATIONS—DECEIT BY DIRECTORS OF INSOLVENT CORPORATION—HIRING AGENT—EVIDENCE. That the president, a director, of a corporation in hiring an agent misrepresented the corporation by reference to literature, did not render other directors of the corporation personally liable for deceit to such agent, in the absence of evidence that they knew of the literature, or had anything to do with its issuance.   (Page 441.)

5. DAMAGES—SPECULATIVE OR PROBLEMATICAL—CERTAINTY. Income of an agent dependent upon his ability to induce people to buy land contracts is too problematical and speculative to be a basis of damages for wrongful termination of the agency.   (Page 442.)

6. APPEAL AND ERROR—ABANDONED ALLEGATIONS. Where no evidence is introduced to support an allegation in a complaint of damages too speculative to be a basis of action, and no finding is made thereon, there is nothing to review.   (Page 442.)

7. FRAUD—CONTRACTS OF HIRING—MEASURE OF DAMAGES. Where one is deceived into a contract on a commission basis, the damages for the deceit are not measured by the contract, but by reasonable value of his services. (Page 442.)

8. APPEAL AND ERROR—HARMLESS ERROR—AMOUNT OF DAMAGES. Where the amount of damages assessed in an action for fraud is less than that testified to by any one, there is no prejudice to losing party. (Page 443.)

Appeal from District Court, Third District; *Hon M. L. Ritchie*, Judge.

Action by G. Alfred Alder against A. J. Crosier, Maggie Crosier, Carl Forshee, J. H. Nelson, and Alice O. Nelson.

Judgment for plaintiff. Defendants appeal.

AFFIRMED in part and REVERSED in part.

*M. E. Wilson* for appellant.

*A. A. Duncan* for respondent.

GIDEON, J.

The defendants were officers of a corporation known as the Salina Orchard & Loan Company, hereinafter designated orchard company. A. J. Crosier was president, Carl Forshee vice president, and J. H. Nelson secretary and treasurer, of said orchard company. These, with the other two defendants, made up its board of directors. J. H. Nelson was not served with summons and did not appear in the action.

The complaint alleges the corporate existence of the orchard company; that the defendants were the officers and directors thereof; that in February, 1911, the defendants, to induce the plaintiff to render certain services for such corporation in becoming its agent in the negotiations and sale of contracts known as "Home Purchasing Investment Contracts," made certain statements and representations, orally and by means of printed circulars delivered to plaintiff, respecting the property and financial responsibility of the orchard company (setting out such statements and representations in detail); that such statements and representations were, each and all,

false; that said orchard company was insolvent; that it never at any time had any assets other than small amounts paid to it by the incorporators, not exceeding in all the sum of $1,000; that plaintiff, relying on such statements and representations, was induced to enter into a contract with the said orchard company and on or about February 27, 1911, began performing services for it under such contract and continued such services until May 1, 1911, at which time the orchard company, by its officers, discontinued operations and repudiated its contracts and obligations, including the contract made with the plaintiff. The complaint further alleges that the services so rendered by plaintiff under said contract for such company were reasonably worth the sum of $1,500, and that no part of the same had been paid him except $150; that plaintiff expended in renting and fitting up an office to conduct such business the sum of $150; that the orchard company is, and has been from the date of its incorporation, utterly insolvent and has no property, and never at any time had any property.

The contract between plaintiff and the orchard company (which is attached to the complaint and made a part thereof) appoints the plaintiff its state agent for one year for the negotiation and sale only of "Home Purchasing Investment Contracts" issued by the orchard company and provides that plaintiff shall be allowed a commission on each contract sold. It further stipulates that plaintiff shall maintain an office at his own expense during his employment. There are other provisions in the contract, but they are not material here. The defendants, served with process, filed an answer in which they admit the corporate existence of the orchard company and deny all of the other allegations of the complaint. Trial was before the court without a jury. Findings of fact and conclusions of law were made and filed in favor of the plaintiff and against all of the answering defendants. Judgment was entered for $330, with interest on that amount from May 1, 1911. From that judgment the answering defendants appeal.

Various assignments of error are made by appellants, but we shall consider only those determinative of this appeal.

The complaint is assailed as not stating a cause of action. The gist of plaintiff's action is that he was fraudulently induced by the defendant to enter into a contract with the orchard company upon the faith of certain false and fraudulent representations made to him by the defendant and upon which he relied. Six elements necessarily enter into the representations and acts of the parties in order to constitute actionable deceit, namely:

"First, that the representations were made as alleged; second, that they were made in order to influence the plaintiff's conduct; third, that, relying upon them, the plaintiff did enter into a contract; * * * fourth, that the representations were untrue; fifth, that the plaintiff suffered damage from the action he was induced to take; and, sixth, that the damage followed proximately the deception." 2 Cooley on Torts, p. 905.

Tested by this standard does the complaint in this action state a cause of action?

It is alleged that representations were made to induce the plaintiff to enter into the contract; that he relied upon them, and did enter into the contract with the orchard company; that the representations so made by the defendants were false; that by reason of the same he gave his time and services to the interest of the orchard company; and that he was damaged by the loss of time. It will thus be seen that the complaint contains all of the allegations required to state a cause of action. For that reason the contention that the complaint does not state a cause of action cannot be sustained.

That part of the complaint alleging damages by reason of the loss of profits that the plaintiff would otherwise have made detracts nothing from plaintiff's right to recover for loss of time which was induced by the false representations of the defendants.

It is further contended that the evidence does not support the findings. There is but little dispute in the testimony. Plaintiff stated positively under oath that before entering into the contract he had an interview or conversation with the defendant A. J. Crosier, who is the president of the orchard company, and further testified:

"Q. Just state what the conversation was. A. I talked with Mr. Crosier about the proposition they had there, the proper-

ties they had, and their ability to make good, keep their part of the contracts, and he assured me everything was just as represented in the literature they had given to me; that they owned that tract of land down there, selling it, subdividing it and selling it in unit, acre, two acres, five acres; that it was owned by the company and would be used to furnish funds as fast as sold to provide for these loans that would be called upon by these holders of these contracts that I was to sell. Q. Did you rely on what he told you? A. Yes, sir. Q. And as an inducement to enter into this contract? A. Yes, sir.''

This testimony is not disputed. The literature referred to in plaintiff's testimony above quoted, among other things, says: ''Contracts guaranteed by over $200,000 worth of real estate.'' It is true that defendant Crosier denied that he was responsible for the literature issued by the company, that he made any positive or definite representations as an inducement or otherwise to plaintiff to cause him to enter into the contract with the orchard company, but the court found that such representations were made, and that they were made for the purpose as claimed by the plaintiff, and that the plaintiff relied upon the same in entering into the contract.

Plaintiff testified, and the court so found, that he devoted his entire time to the interest of the orchard company as provided by the terms of the contract, and that his services were reasonably worth $500 per month. The court found that the plaintiff was entitled to recover $330 for such time and services with interest from May 1, 1911, and judgment was entered against all defendants appearing in the action. So far as the defendant A. J. Crosier is concerned there can be no question that there is substantial evidence in the record to support the findings made by the district court. As to the remaining defendants we are unable to find any testimony in the record to warrant or support the court's finding that they, either jointly or severally, ever made any representations to or with the plaintiff, or in fact had any conversation with him respecting the assets of said orchard company. In fact, two of the defendants plaintiff had never met, and Mrs. Nelson, one of the defendants, only in a very

casual way. There is nothing to show that either of these defendants knew of, or had anything to do with, the issuing of the literature upon which plaintiff relied or was in any way responsible for its issuance unless the mere fact of being directors of the orchard company would make them responsible for any literature issued by that company. We do not consider that the testimony is sufficient to support the findings of the court against any of the defendants except A. J. Crosier.

Appellants' attorneys, in their brief, have devoted considerable argument to the question of the right to recover damages, and insist that any profit plaintiff might have made, if he had been permitted to continue his contract with the orchard company, was dependent wholly upon his ability to induce people to purchase the contracts authorized to be sold by him, and any compensation or proceeds that plaintiff might receive were, therefore, purely problematical and speculative and cannot be the basis of an action for damages. In that contention we think counsel are clearly correct, but there is no evidence offered in support of that allegation of the complaint and no findings were made thereon. That question is therefore not in the case.

It is also contended by appellants that the compensation plaintiff was to receive was fixed by the provisions of the sixth paragraph of the contract, that is, that he should receive "a commission on each contract sold" by him or his agents and the amounts and times of payment are fixed in the contract; and that, having fixed the value of his services, he is bound by the terms of the contract, and that having received such compensation he is not entitled to recover any other or greater amount. Let it be remembered that this is an action founded upon deceit, and not for a breach of contract. The basis or right of the plaintiff to recover is not upon the terms of the contract, but upon the deceit practiced upon him by the false representations of the defendants whereby he was induced to devote time and services to the interest of the orchard company, and therefore the reasonable value of his services during such time is the amount he is entitled to recover. The contract having been induced by

fraud is not binding upon the plaintiff, and the terms thereof, fixing plaintiff's compensation, cannot be invoked by the defendants in support of their own fraud. "Fraud destroys the validity of everything into which it enters. It vitiates the most solemn contracts, documents, and even judgments." 12 R. C. L. p. 231. The testimony of the plaintiff is that at least one-half of the time devoted to the orchard company under its contract was given in an effort to establish subagents and in corresponding with others over the state in an effort to interest them in the purchase of the contracts which he was authorized to sell. In other words, he was doing preliminary work in an effort to organize agencies from which he would later, during the life of the contract, reap or realize a benefit. It is a matter of common knowledge that to successfully conduct an agency, such as plaintiff undertook, a certain amount of preliminary work in the way of organization is necessary before any substantial returns are received or sales made. We are of the opinion that the work done by the plaintiff was such as would be reasonably required or expected as preliminary work for his duties provided in the contract and, for that reason, he would be entitled to receive what the time was reasonably worth which he gave to the orchard company and which was induced by the false representations and statements of the defendant Crosier.

We are unable to determine just how the district court arrived at the particular amount for which judgment was given, but as that is much less than the amount testified to by the plaintiff, and as there is no other testimony bearing on this point, appellant Crosier cannot complain, as he is not injured by that finding.

It follows from the foregoing that the judgment as to the defendants Maggie Crosier, Carl Forshee, and Alice O. Nelson should be reversed, and, as to them, a new trial granted, and should be affirmed as to the defendant A. J. Crosier. Such is the order. Neither party to recover costs on this appeal.

FRICK, C. J., and McCARTY, CORFMAN, and THURMAN, JJ., concur.